Donna L. Mack
Emerald Law Group, PLLC
12055 15th Ave NE
Seattle, WA 98125
(206) 826-5160

## IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| **JOHN B. JOHNSON an individual,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DENNIS McDONOUGH, Secretary, Department of Veterans Affairs,**<br><br>**Defendant.** | **Case No.**<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, John B. Johnson, by and through counsel, and complains against Defendant as follows:

## I.    JURISDICTION AND VENUE

1.1    Plaintiff is currently employed by Defendant, Department of Veterans Affairs, ("VA") at Mann-Grandstaff VA Medical Center in Spokane, Washington.

| | |
|---|---|
| COMPLAINT AND JURY DEMAND<br>PAGE 1 OF 11 | **EMERALD LAW GROUP, PLLC**<br>**12055 15th AVENUE NE**<br>**SEATTLE, WA 98125**<br>**206-826-5160 TEL.**<br>**206-922-5598 FAX** |

1.2    Defendant is secretary of an agency of the U.S. government.

1.3    Defendant is Plaintiff's employer as defined by the Rehabilitation Act of 1973.

1.4    On June 10, 2019, Plaintiff contacted an EEO Counselor at his workplace regarding concerns about discrimination. Following an unsuccessful mediation, Plaintiff filed a formal complaint of discrimination with the VA's Office of Resolution Management on September 9, 2019. An EEOC investigator completed her investigation and prepared a report dated March 10, 2020. In late March or early April 2020, Plaintiff submitted a request to the EEOC for a hearing with an administrative judge. On August 16, 2021, at Plaintiff's request, prior to a hearing having been held, Administrative Judge Molly Powell dismissed Plaintiff's request for hearing.

1.5    Plaintiff has exhausted his administrative remedies, as required, and has now opted to pursue this case in U.S. District Court.

1.6    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over the parties, and venue is appropriate in the Court.

1.7    Plaintiff demands a jury trial on all claims asserted in this Complaint.

## II.    FACTS

2.1    Plaintiff is currently 64 years old.

| COMPLAINT AND JURY DEMAND<br>PAGE 2 OF 11 | **EMERALD LAW GROUP, PLLC**<br>**12055 15th AVENUE NE**<br>**SEATTLE, WA 98125**<br>**206-826-5160 TEL.**<br>**206-922-5598 FAX** |
|---|---|

2.2    Plaintiff is employed as a GS-9 Medical Administrative Program Specialist at Mann-Grandstaff VA Medical Center in Spokane, Washington.  He has been employed by the Department of Veterans Affairs since 2014.

2.3    Plaintiff has been diagnosed with PTSD related to his military service in Beirut in 1983.

2.4    In December 2018, Plaintiff took FMLA leave related to his PTSD.  He was on leave for approximately four weeks.

2.5    When he returned to work in early January 2019, he requested accommodation related to his PTSD.  He brought in documentation from his psychiatrist verifying his diagnosis of PTSD and requested that he be allowed to work from home on occasion.  He gave this paperwork to Jan Pennock, Chief of the Office of Care in the Community, the Department in which Plaintiff works.  Ms. Pennock advised Plaintiff to take the paperwork and the request to Human Resources, which Plaintiff did.  Defendant never responded to this request for accommodation.

2.6    On May 8, 2019, Plaintiff approached a coworker, Sean Clements, to discuss their respective responsibilities and authority over a certain project.  Mr. Clements responded by becoming combative, extremely aggressive, and shouting obscenities at Plaintiff.

| COMPLAINT AND JURY DEMAND<br>PAGE 3 OF 11 | **EMERALD LAW GROUP, PLLC**<br>**12055 15th AVENUE NE**<br>**SEATTLE, WA 98125**<br>**206-826-5160 TEL.**<br>**206-922-5598 FAX** |

2.7    Plaintiff reported the incident to his supervisor, Juli Summerlin.  Ms. Summerlin brought in her peer—another supervisor—William Haley.  Plaintiff requested that the incident with Mr. Clements be investigated.  No investigation ever occurred.

2.8    On or about May 13, 2019, Plaintiff was called into a meeting with Jan Pennock.  Also present at the meeting were Ms. Summerlin, and VA Detective Larry Block.  At this meeting, Plaintiff felt that he himself was being blamed for the incident with Mr. Clements.  He was instructed that he was not to access certain areas of the worksite; in contrast, there were no restrictions on Mr. Clements' access to the worksite.  Ms. Pennock offered to move Plaintiff to a different building.  Because there had been no investigation into Mr. Clements' conduct, and because he feared another altercation with Mr. Clements, Plaintiff agreed to move buildings for several weeks.

2.9    On May 14, 2019, Plaintiff and William Haley met to discuss Plaintiff's ongoing concerns about the Clements situation.  During this conversation, Plaintiff again expressed an interest in exploring reasonable accommodations for his PTSD.  Mr. Haley confirmed this conversation and the request for reasonable accommodation in a follow-up email that same date.  The only follow-up

| COMPLAINT AND JURY DEMAND<br>PAGE 4 OF 11 | **EMERALD LAW GROUP, PLLC**<br>**12055 15th AVENUE NE**<br>**SEATTLE, WA 98125**<br>**206-826-5160 TEL.**<br>**206-922-5598 FAX** |
|---|---|

Defendant made to Plaintiff's request for reasonable accommodation was a discussion with HR employee Jim Moore.

2.10   Over the next few weeks, Defendant began removing some of Plaintiff's work responsibilities and his access to certain computer functions that were necessary for him to perform his job.

2.11   On June 10, Plaintiff contacted an EEO Counselor about the Clements incident and his concerns about how it was handled.

2.12   Plaintiff was allowed to return to his regular office in late June 2019.

2.13   On July 3, 2019, Plaintiff and Jan Pennock participated in a mediation to resolve the EEO complaint he had filed in connection with the Clements incident.  During the mediation, Pennock explained that she had removed some of Plaintiff's work responsibilities because, "We didn't feel you could handle veterans yelling at you." The mediation did not resolve Plaintiff's EEO complaint.

2.14   On July 29, 2019, William Haley notified Plaintiff that he (Haley) had scheduled a Weingarten meeting—an interview in which Plaintiff was the subject of investigation. The meeting was held on August 2, 2019.  During this meeting, Haley questioned Plaintiff about his alleged "misconduct," in part

| COMPLAINT AND JURY DEMAND<br>PAGE 5 OF 11 | EMERALD LAW GROUP, PLLC<br>12055 15th AVENUE NE<br>SEATTLE, WA 98125<br>206-826-5160 TEL.<br>206-922-5598 FAX |
|---|---|

related to Plaintiff's complaint about Sean Clements, and in part related to alleged insubordination and lack of professionalism.

2.15   On August 15, 2019, Plaintiff sent an email to Dr. Robert Fischer, Mann-Grandstaff Medical Center Director, regarding his complaints about the Clements incidents and the aftermath.  Dr. Fischer was out of the office at that time, but responded to Plaintiff on August 19, 2019, when he had returned to the office.

2.16   That same day, August 19, 2019, William Haley summoned Plaintiff to Jan Pennock's office.  When Plaintiff arrived, he was surprised to see the VA Acting Police Chief and a VA Detective in the office.  Mr. Haley entered the office and informed Plaintiff that he was again being moved to a different building. Plaintiff was told that other employees felt unsafe around him. The police chief and detective then escorted Plaintiff to his office, supervised him while he packed up his belongings, and then escorted him to his car and to his new office.  This was in full view of other employees. Plaintiff was deeply humiliated and traumatized by these events.

2.17   At the remote office, Plaintiff was again isolated, excluded from work meetings and had additional duties removed.

<table>
<tr><td>COMPLAINT AND JURY DEMAND<br>PAGE 6 OF 11</td><td>EMERALD LAW GROUP, PLLC<br>12055 15th AVENUE NE<br>SEATTLE, WA 98125<br>206-826-5160 TEL.<br>206-922-5598 FAX</td></tr>
</table>

2.18    Plaintiff was required to work at the remote location throughout the rest of 2019—for over four months.  In early 2020, Jan Pennock told Plaintiff that he was allowed to return to his regular worksite because he had not yelled at anyone or slammed any doors since the move.

2.19    Since his return to his regular worksite, Plaintiff has been treated coldly by Defendant.

2.20    Beginning in 2021, he has been assigned work performed by GS-6 employees.  Plaintiff is a GS-9 employee.

### III.  FIRST CAUSE OF ACTION:  DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED ON DISABILITY, IN VIOLATION OF 29 U.S.C. § 791, 794

3.1    Plaintiff is a qualified individual with a disability that substantially limits a major life activity.  Defendant VA was aware of Plaintiff's disability since at least early January 2019.  Defendant took adverse action against Plaintiff including, but not limited to, moving his worksite on two separate occasions; limiting his access to workplace resources necessary to complete his work; performing a Weingarten meeting alleging misconduct; taking away his duties; and assigning him GS-6-level work.

3.2    Defendant also created a hostile work environment based on disability. Defendant's harassment includes, but is not limited to, blaming and punishing

| COMPLAINT AND JURY DEMAND<br>PAGE 7 OF 11 | **EMERALD LAW GROUP, PLLC**<br>**12055 15th AVENUE NE**<br>**SEATTLE, WA 98125**<br>**206-826-5160 TEL.**<br>**206-922-5598 FAX** |
| --- | --- |

Plaintiff for the incident with Sean Clements; refusing to investigate the Clements incident; taking away Plaintiff's duties and telling him it is because Defendant was concerned about Plaintiff's ability to "handle" the work; subjecting Plaintiff to a Weingarten interview; telling Plaintiff other employees were concerned about their safety because of him; humiliating Plaintiff by escorting him out of his worksite with a detective and police officer; isolating and acting cold toward Plaintiff.  This harassment was based on Plaintiff's disability.  The harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of Plaintiff's employment.

3.3   As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages in an amount to proven at trial.

## IV. FAILURE TO ACCOMMODATE DISABILITY, IN VIOLATION OF 29 U.S.C. 791(f) AND 42 U.S.C. 12111 et seq.

4.1 The Rehabilitation Act, at 29 U.S.C. 791 (f) provides that the standards used to determine whether this section has been violated in a complaint alleging non-affirmative action employment discrimination shall be the standards employed under Title I of the Americans with Disabilities Act of 1990 and Sections 501, 504 and 516 of the Americans with Disabilities Act, as such sections relate to employment.

| COMPLAINT AND JURY DEMAND<br>PAGE 8 OF 11 | **EMERALD LAW GROUP, PLLC**<br>**12055 15th AVENUE NE**<br>**SEATTLE, WA 98125**<br>**206-826-5160 TEL.**<br>**206-922-5598 FAX** |
|---|---|

4.2    Defendant VA failed to accommodate Plaintiff's disability as required by the Rehabilitation Act and the Americans with Disabilities Act.  Plaintiff's several requests for accommodation were reasonable under the circumstances and did not present an "undue hardship" upon the Agency or its operations.

4.3    Defendant's failure to accommodate Plaintiff's disability exacerbated this disability and caused Plaintiff to suffer damages.

## V. THIRD CAUSE OF ACTION:  RETALIATION IN VIOLATION OF THE REHABILITATION ACT

5.1    Plaintiff's requests for accommodation and complaints of discrimination filed with the Agency's Office of Resolution Management constitute concerted and protected activities under the Rehabilitation Act.

5.2    Defendant's actions, including but not limited to its decisions to transfer Plaintiff and isolate him from his regular worksite; taking away Plaintiff's duties and telling him it was because Defendant was concerned about Plaintiff's ability to "handle" the work;  subjecting Plaintiff to a Weingarten interview; telling Plaintiff other employees were concerned about their safety because of him; humiliating Plaintiff by escorting him out of his worksite with a detective and police officer; isolating and acting cold toward Plaintiff., constitute materially adverse employment action in retaliation for requesting reasonable

| COMPLAINT AND JURY DEMAND<br>PAGE 9 OF 11 | EMERALD LAW GROUP, PLLC<br>12055 15th AVENUE NE<br>SEATTLE, WA 98125<br>206-826-5160 TEL.<br>206-922-5598 FAX |
|---|---|

accommodation and engaging in protected and concerted activity in violation of the Rehabilitation Act., 29 C.F.R. 16145.103(a).

5.3    Defendant's retaliatory actions were intentional and undertaken in reckless disregard for Plaintiff's rights under the Rehabilitation Act.

5.4    As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages in an amount to proven at trial.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

6.1    Award Plaintiff compensatory and punitive damages, the amount of which will be determined at trial;

6.2    Award Plaintiff his costs and reasonable attorneys fees incurred in this action; and

6.3    Grant such other relief as the Court may deem just and proper.

DATED this 9th day of September, 2021.

EMERALD LAW GROUP, PLLC

Donna L. Mack, WSBA #30875
Emerald Law Group, PLLC
12055 15th Avenue NE
Seattle, WA 981255

COMPLAINT AND JURY DEMAND
PAGE 10 OF 11

Tel. (206) 826-5160
Fax (206) 922-5598
donna@emeraldlawgroup.com
Attorneys for Plaintiff

**EMERALD LAW GROUP, PLLC**
**12055 15th AVENUE NE**
**SEATTLE, WA 98125**
**206-826-5160 TEL.**
**206-922-5598 FAX**