UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN B. JOHNSON, an individual,

Plaintiff,

v.

DENIS MCDONOUGH, Secretary,
Department of Veterans Affairs,

Defendant.

NO. 2:21-CV-0268-TOR

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS

BEFORE THE COURT is Defendant's Motion for Judgment on the
Pleadings (ECF No. 11). This matter was submitted for consideration without oral
argument. The Court has reviewed the record and files herein, the completed
briefing, and is fully informed. For the reasons discussed below, Defendant's
Motion for Judgment on the Pleadings (ECF No. 11) is granted in part and denied
in part.

//

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS ~ 1

**BACKGROUND**

This is an employment discrimination case against the United States

Department of Veterans Affairs ("VA").  ECF No. 1.  On September 9, 2021,

Plaintiff filed the complaint, alleging the following causes of action: (1)

discrimination and hostile work environment based on disability in violation of 29

U.S.C. §§ 791, 794, (2) failure to accommodate disability in violation of 29 U.S.C.

§ 791(f), 42 U.S.C. § 12111 *et seq.*, and (3) retaliation in violation of the

Rehabilitation Act.  ECF No. 1 at 7-10, ¶¶ 3.1-5.4.  Plaintiff prays for

compensatory and punitive damages, reasonable attorney fees and costs, and other

relief the Court deems just and proper.  *Id.* at 10, ¶¶ 6.1-6.3.  On November 26,

2021, Defendant filed an answer.  ECF No. 5.

On April 13, 2022, Defendant filed the present motion regarding Plaintiff's

claims and remedies under the Rehabilitation Act.  ECF No. 11.  The parties timely

filed their respective response and reply.  ECF Nos. 13, 14.

**DISCUSSION**

**A.  Motion for Judgment on the Pleadings**

"After the pleadings are closed – but early enough not to delay trial – a party

may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In reviewing a

Rule 12(c) motion, the court "must accept all factual allegations in the complaint

as true and construe them in the light most favorable to the non-moving party."

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS ~ 2

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B. The Rehabilitation Act**

Defendant moves for judgment on the pleadings on the grounds that Plaintiff is not covered by Section 504 of the Rehabilitation Act and Plaintiff cannot recover emotional distress and punitive damages. ECF No. 11 at 3-6. Following Plaintiff's response, Defendant concedes Plaintiff may seek compensatory damages under Section 501, but asks the Court to dismiss the Section 504 claim and bar Plaintiff's claims to punitive damages and an equitable remedy. *See* ECF No. 14. The parties agree that because Plaintiff is a federal employee, his claim is

properly brought under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. ECF No. 13 at 3.

Subject to certain limitations, compensatory and punitive damages are available for violations of Section 501. 42 U.S.C. § 1981a(a)(2). While punitive damages may be recoverable against a private employer, they are not recoverable against a federal government employer. *See* 42 U.S.C. § 1981a(b)(1) (stating punitive damages are available "under this section against a respondent (other than a government, government agency or political subdivision)"); *Tuers v. Runyon*, 950 F. Supp. 284, 285-86 (E.D. Cal. 1996) (finding U.S. Postal Service immune from punitive damages under § 1981a(b)(1)).

As a result, Plaintiff's Section 501 compensatory damages, if any, will be awarded pursuant to 42 U.S.C. § 1981a(b). Plaintiff's punitive damages, however, are barred against the VA as a government agency. *Id.*

## C. Equitable Remedy

Plaintiff seeks "reasonable accommodation for his PTSD, which is within this Court's power to order" in connection with his failure to accommodate claim. ECF No. 13 at 6. Defendant opposes Plaintiff's claim for equitable relief on the grounds that it was not expressly pled in the complaint. ECF No. 14 at 5-6.

Rule 8(a)(3) requires a party to state a claim for relief that contains "a demand for the relief sought." However, a "final judgment should grant the relief

to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "If, however, it is made to appear that the failure to ask for particular relief substantially prejudiced the opposing party, Rule 54(c) does not sanction the granting of relief not prayed for in the pleadings." *Rental Dev. Corp. of Am. v. Lavery*, 304 F.2d 839, 842 (9th Cir. 1962). Otherwise, a plaintiff could file "a complaint consisting of no more than the useless statement, 'I was wronged and am entitled to judgment for everything to which I am entitled.'" *Seven Worlds LLC v. Network Sols.*, 260 F.3d 1089, 1098 (9th Cir. 2011) (internal citation omitted); *cf. Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (holding Rule 8 not satisfied where the complaint "gave the [defendants] no notice of the specific factual allegations presented for the first time in … opposition to summary judgment.").

In *Lavery*, the Ninth Circuit found the defendant was not substantially prejudiced by equitable relief (i.e. lease cancellation) not expressly pled in the complaint. 304 F.2d at 842. The Court first considered that the plaintiff included "the usual prayer for 'such other relief as to the Court may seem just and proper.'" *Id.* The Court also found the parties were on notice regarding the lease cancellation and the evidence needed to present a defense were relevant to issues expressly raised in the pleadings. *Id.* Therefore, the equitable relief was appropriate under Rule 54(c).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS ~ 5

As relevant here, Plaintiff alleges the VA failed to accommodate his disability and asks the Court to grant relief that the Court deems "just and proper." ECF No. 1 at 8-10, ¶¶ 4.1-4.3, 6.3.  While Plaintiff did not expressly seek a court-ordered reasonable accommodation, such relief may be appropriate if a final judgment on the failure to accommodate claim is granted in Plaintiff's favor.  Fed. R. Civ. P. 54(c).  The Court finds Defendant has sufficient notice as to Plaintiff's request for reasonable accommodation and that Defendant is not substantially prejudiced by Plaintiff's failure to expressly plead the same.  Therefore, the Court will permit Plaintiff to seek such relief at trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

**1.** Defendant's Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED in part** and **DENIED in part**.

**2.** Plaintiff's claim under 29 U.S.C. § 794 and claim for punitive damages are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 27, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 6